UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CESAR IXPERTAY LOPEZ,<br><br>                    Petitioner,<br><br>          v.<br><br>A. NEIL CLARK,<br><br>                    Respondent. | CASE NO.  C07-1409-MJP-JPD<br><br>ORDER DENYING PETITIONER'S REQUEST FOR RELEASE FROM DETENTION |

Petitioner Cesar Ixpertay Lopez is a native and citizen of Guatemala.  On September 11, 2007, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the U.S. Immigration and Customs Enforcement ("ICE").  (Dkt. #6).  Petitioner subsequently filed the instant "Petition for Bail Hearing and request for an emergency release," on October 12, 2007.  (Dkt. #10).  Petitioner requests that the Court order his release from ICE detention so that he can appear in person before the Circuit Court of Oregon for Jackson County for a hearing on the Oregon Department of Human Services' Petition to Terminate Parental Rights on October 23, 2007.  (Dkts. #6 at 11-4, #10).  The Court, having considered the petitioner's request for release from detention, and the files and records herein, finds that petitioner has not provided sufficient evidence at this time to meet the high standard for release.  Accordingly, the Court hereby finds and ORDERS:

ORDER DENYING PETITIONER'S REQUEST
FOR RELEASE FROM DETENTION
PAGE – 1

(1) Petitioners' request for release is DENIED. (Dkt. #10). The standard for granting release pending a decision on a habeas petition is very high. To meet it, petitioner must show that his case is an extraordinary one presenting either "special circumstances or a high probability of success." *See Land v. Deeds*, 878 F.2d 318, 319 (9th Cir. 1989), *citing Aronson v. May*, 85 S. Ct. 3, 5 (1964). Under this standard, petitioner must first show that his case is extraordinary, and then, because the second half of the test is phrased in the alternative, petitioner may meet either prong in order to gain release.

The Court finds that petitioner does not satisfy either prong of the standard, as he has not shown a probability of success on the merits of his case, or that serious legal questions are raised. Petitioner asserts in his habeas petition that he has filed a Petition for Review with the Ninth Circuit Court of Appeals which remains pending, and that he is neither a flight risk nor a danger to the community. Aside from these assertions, petitioner provides no argument or legal authority showing that the Court has any basis or authority to order his release from detention during his appeal to the Ninth Circuit. Accordingly, there is insufficient evidence in the record currently before the Court to conclude that petitioner is entitled to release from detention. Despite the harm which petitioner will continue to suffer during his detention, he has not raised serious legal questions regarding his entitlement to relief, much less shown a probability of success on the merits. Accordingly, equitable relief is inappropriate.

(2) The Clerk shall direct a copy of this Order to petitioner, to counsel for respondent, and to Judge Donohue.

DATED this 26th day of October, 2007.

Marsha J. Pechman
U.S. District Judge

Recommended for Entry
this 23rd of October, 2007

s/ JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PETITIONER'S REQUEST
FOR RELEASE FROM DETENTION
PAGE – 3